NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TERRY KLEE,

Plaintiff - Appellant,

v.

INTERNATIONAL UNION OF
OPERATING ENGINEERS, LOCAL 501,
ET AL.,

Defendants - Appellees.

No. 23-3304

D.C. No.
2:22-CV-00148-JAK-MRW
Central District of California

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted January 15, 2025[**]
San Francisco, California

Before: H.A. THOMAS, MENDOZA, and DE ALBA, Circuit Judges.

Terry Klee appeals the dismissal of his claims against the International Union

of Operating Engineers, Local 501 ("the Union"), California State Controller Betty

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Yee, and Attorney General Rob Bonta. He argues that the Defendants deprived him of his First and Fourteenth Amendment rights by diverting money out of his paycheck and to the Union. We affirm.

We have jurisdiction under 28 U.S.C. § 1291. We review a grant of a motion to dismiss de novo. *Doe v. Regents of the Univ. of Cal.*, 23 F.4th 930, 935 (9th Cir. 2022). We must "accept[] as true all well-pleaded allegations of material fact and constru[e] those facts in the light most favorable to the non-moving party." *Ernst & Haas Mgmt. Co. v. Hiscox, Inc.*, 23 F.4th 1195, 1199 (9th Cir. 2022) (citation omitted). "[A] district court's determination that [a] plaintiff[] lack[s] constitutional standing" is also reviewed de novo. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). The parties are familiar with the facts, so we recite only what is necessary.[1]

1.      Klee's claims against the Union are brought under 42 U.S.C. § 1983. Section 1983 provides a cause of action against those who deprive others of federal rights while acting "under color of state law." *Belgau v. Inslee*, 975 F.3d 940, 946

---

[1] The district court dismissed Klee's entire case. We limit our review to the distinct dispositive issues argued in Klee's opening brief: (1) whether the Union acted under color of state law, (2) whether he may recover nominal damages from the state officials, and (3) whether he may recover prospective relief from the state officials for an ongoing constitutional violation. Although Klee makes further argument about the nature of his claims and injuries, we discern no argument sufficiently stated relating to the dismissal of his claims against the California Department of Corrections and Rehabilitation ("CDCR") or for compensatory relief against the state officials.

2

(9th Cir. 2020) (quoting *Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir. 1989)). To establish that a private actor acted under color of state law, we employ a two-prong inquiry comprised of "the state policy requirement" and "the state actor requirement." *Wright v. SEIU*, 48 F.4th 1112, 1121 (9th Cir. 2022).

First, the state policy requirement asks "whether the claimed constitutional deprivation resulted from the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Id.* at 1121–22 (quoting *Ohno v. Yasuma*, 723 F.3d 984, 994 (9th Cir. 2013) (internal quotation marks and alterations omitted)). Klee's arguments at this step are foreclosed by recent precedent. As we explained in *Wright*, the state statutory scheme "does not create a 'right or privilege' in [the union] to direct the State's deductions of union dues." *Id.* at 1122 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Under California law, the State Controller makes deductions at the request of the Union, but must first get certification from the Union that those individuals whose paychecks are to be deducted authorized the deductions. Cal. Gov't Code § 1153(a), (b). If the State Controller determines that the Union has failed to comply with statutes or regulations for deductions, she must refuse to deduct. *Id.* § 1153(f).

At bottom, Klee challenges the Union's refusal to let him leave, which is a dispute over the terms of Union membership. "Thus, the 'source of the alleged

constitutional harm' is not a state statute or policy but the particular private agreement between the union and Employees." *Belgau*, 975 F.3d at 947 (quoting *Ohno*, 723 F.3d at 994). Section 1983 provides no remedy for such disputes. Klee cannot meet the state policy requirement.

Second, the state actor requirement determines "whether the party charged with the deprivation could be described in all fairness as a state actor." *Wright*, 48 F.4th at 1122. This requirement can be met by succeeding in at least one of four tests. *Id.* Klee argues that he meets two tests: joint action and governmental nexus. His arguments as to each are foreclosed by recent precedent. As we found in *Wright*, which analyzed an Oregon statutory scheme similar to California's, the State "did not 'affirm, authorize, encourage, or facilitate unconstitutional conduct' by processing dues deductions" and therefore could not be a joint actor. *Id.* at 1123 (quoting *Belgau*, 975 F.3d at 947 (alterations omitted)). Turning to the governmental nexus test, Klee must establish that the State "has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Ochoa v. Pub. Consulting Grp., Inc.*, 48 F.4th 1102, 1109 (9th Cir. 2022) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). In *Belgau*, we declined to find a governmental nexus in similar circumstances, 975 F.3d at 947 n.2, and in any event, we find no factual allegations arising to the requisite coercion or encouragement supporting a governmental nexus

to the Union's alleged constitutional violations.[2] Klee thus fails to meet the state actor requirement and dismissal of his § 1983 claims against the Union was appropriate.

2. Klee seeks nominal damages from state officials Yee and Bonta as recognition of their failure to secure his liberty and property interests in violation of the Fourteenth Amendment. "'[A]bsent waiver by the State or valid congressional override,' state sovereign immunity protects state officer defendants sued in federal court in their official capacities from liability in damages, including nominal damages." *Platt v. Moore*, 15 F.4th 895, 910 (9th Cir. 2021) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166–69 (1985)). Klee argues, with reference to wide-ranging authority concerning nominal damages, that his request for damages is "prospective" in nature and therefore circumvents the Eleventh Amendment under *Ex parte Young*, 209 U.S. 123 (1908). The case law cited is inapposite and does not endorse the novel theory he argues. Not only have we recently observed that state officers are shielded from nominal damages, *Platt*, 15 F.4th at 910, but the nature of Klee's requested nominal damages is not prospective. He seeks nominal damages

---

[2] Further, our case law casts doubt on whether the "governmental nexus" test is truly distinct from the "joint action test." *See Wright*, 48 F.4th at 1122 n.6 ("the public function and joint action tests 'largely subsume the state compulsion . . . and . . . governmental nexus test[s].'") (quoting *Ohno*, 723 F.3d at 996 n.13); *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 748 (9th Cir. 2020) (describing the nexus and joint action tests as one and the same).

"for the deprivation of his First Amendment and Fourteenth Amendment rights," rather than as a measure to prevent a future injury. And as we have recognized, "relief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal under federal law is barred[.]" *Lund v. Cowan*, 5 F.4th 964, 970 (9th Cir. 2021) (quoting *Papasan v. Allain*, 478 U.S. 265, 278 (1986)). Therefore, even if there is room under *Ex parte Young* for certain types of nominal damages, there is none for those that Klee seeks.

3.      Lastly, Klee seeks injunctive and declaratory relief from Yee and Bonta for their failure to secure his liberty and property interests from interference by the Union, in violation of the Fourteenth Amendment.

Article III of the Constitution restricts the judiciary to deciding only "cases" and "controversies." *Davidson v. Kimberly-Clerk Corp.*, 889 F.3d 956, 967 (9th Cir. 2018). The case or controversy requirement, which constitutes "the irreducible constitutional minimum of standing," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992), requires that a plaintiff show "(1) an 'actual or imminent' injury as a result of the alleged illegal conduct; (2) there is a 'causal connection between the injury and the conduct complained of'; and (3) the injury will 'likely' be 'redressed by a favorable decision' of the court." *Wright*, 48 F.4th at 1118 (quoting *Lujan*, 504 U.S. at 560–61). For prospective relief to redress a Fourteenth Amendment procedural due process injury, Klee must demonstrate "that [he] was accorded a procedural right

6

to protect [his] interests and that [he] has concrete interests that are threatened." *Id.* at 1120–21.

We find again that Klee's argument is foreclosed by *Wright*. In *Wright*, we found that the plaintiff lacked a concrete interest in future wages because she had retired and was no longer at risk of having her wages unfairly deducted. *Id.* at 1121. Similarly, here, Klee's Complaint explains that he is no longer a member of the Union and has no intention to become one. His risk of future injury "rests on a highly attenuated chain of inferences," including that he will rejoin the Union, and the same sequence of events will play out again. *Id.* at 1120 (internal quotation marks omitted). Like the plaintiff in *Wright*, "the threat of future unauthorized dues deductions from [Klee's] wages is entirely imaginary," *id.* at 1121 (internal quotation marks omitted), and thus insufficient to satisfy Article III standing. Klee fails to establish standing for injunctive or declaratory relief for his Fourteenth Amendment procedural due process claims against the state officials.

**AFFIRMED.**